OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, accusatory instrument dismissed, and fíne, if paid, remitted.
Defendant was initially charged with two violations of section 87-25 (A) of the Code of the Town of Huntington, designated misdemeanors, and with violating section 198-10 (G) of said code. The violations were alleged to have occurred on July 17, 2000, at 1:36 pm. at 549 Park Avenue, Huntington, New York. A trial was held on September 24, 2003. At that time, the court dismissed one of the two section 87-25 (A) violations and the accusatory instrument charging a violation of section 198-10 (G). The remaining charge of violating section 87-25 (A) was, upon consent, orally amended so as to charge a violation of section 198-120 (A) and substitute June 29, 2000 for July , 17, 2000 as the date of the violation. Defendant was found guilty of said charge. Thereafter, defendant moved to set aside the verdict and for either dismissal of the accusatory instrument or for a new trial. In an order dated December 10, 2003, the court set aside the verdict, reinstated the original remaining accusatory instrument, and set the matter down for a new trial with leave to the People to amend the original accusatory instrument by filing a superseding information.
On March 24, 2004, the People filed a superseding information, alleging a violation of section 198-120 (A) of the Code of the Town of Huntington. The information alleged that defendant violated said section on June 29, 2000, at 11:00 a.m., at 549 Park Avenue, Huntington, New York. Prior to trial, defendant moved to dismiss the information as violative of CPL 30.30 and/or CPL 30.10. In an order dated May 5, 2004, the court denied the motion. Following a nonjury trial, defendant was found guilty.
An initial violation of section 198-120 (A) of the Code of the Town of Huntington is punishable by fine only (Code of Town *87 of Huntington § 198-125 [A]) and is therefore deemed a violation (Penal Law § 10.00 [3]; § 55.10 [3] [a]). Section 30.10 (2) (d) of the Criminal Procedure Law requires that a criminal action be commenced within one year after commission of a petty offense, such as a violation (CPL 1.20 [39]). Since the March 24, 2004 information alleged that the offense occurred on June 29, 2000, the action was time-barred.
In reaching this result, it should be noted that the court is cognizant of CPL 30.10 (4) (b) which deals with criminal actions dismissed under circumstances that permit the lodging of another charge for the same conduct. Said provision tolls the running of the statute of limitations for a period measured by the pendency of the dismissed charge. In the case at bar, the initial accusatory instrument alleged a violation committed on July 17, 2000, while the superseding information alleged a violation committed on June 29, 2000. Since the violations charged in the informations occurred on different dates, they are not based on the same conduct and, as a result, the statute of limitations was not tolled during the pendency of the dismissed accusatory instrument. We further note that it appears that the “amendment” of the information did not comply with the procedure set forth in CPL 100.45.
In view of the foregoing, the judgment of conviction is reversed and the information dismissed.
Rudolph, P.J., and Angiolillo, J., concur; Tanenbaum, J., taking no part.